**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3871-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WILLIE D. JARVIS, a/k/a
WHITE JARVIS,

     Defendant-Appellant.

_____

Submitted September 13, 2018 – Decided October 22, 2018

Before Judges Simonelli and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 12-09-1305.

Joseph E. Krakora, Public Defender, attorney for appellant (William P. Welaj, Designated Counsel, on the brief).

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the November 16, 2016 order denying his petition for post-conviction relief (PCR). We affirm for the well-reasoned written opinion of Judge Colleen Flynn.

Defendant pled guilty in 2013 to possession of a weapon for an unlawful purpose after admitting in court he used a handgun in connection with a drug purchase that turned into a robbery. In his petition, he asserted ineffective assistance of counsel on a number of bases including that his lawyer did not conduct an adequate investigation, did not pursue a speedy trial or file motions to challenge defendant's out of court identification. He also asserted the court should have vacated his guilty plea. After carefully analyzing every argument raised, Judge Flynn concluded defendant had not met the Strickland/Fritz[1] standard and was not entitled to an evidentiary hearing. She denied the petition and this appeal followed.

On appeal defendant argues the following.

> POINT I.
> THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF SINCE AN INSUFFICIENT FACTUAL BASIS WAS ELICITED FROM THE

---

[1] Strickland v. Washington, 466 U.S. 668, 693-94 (1987).

A-3871-16T1

DEFENDANT AT THE TIME HE ENTERED HIS GUILTY PLEA TO POSSESSION OF A WEAPON FOR AN UNLAWFUL PURPOSE.

POINT II.
THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.

Because we adopt the reasoning of the PCR court we need not fully re-address defendant's arguments, but we add the following comments. We reject defendant's argument he was denied effective assistance of counsel under the standard set forth in Strickland/Fritz. Defendant has not shown counsel's performance was insufficient because counsel made "errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687. Nor has defendant shown he was prejudiced by the deficient performance, or that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88.

We reject defendant's claim he was entitled to an evidentiary hearing. A court reviewing PCR petitions based on claims of ineffective assistance of counsel should only grant an evidentiary hearing if a defendant establishes a prima facie showing in support of the relief requested. State v. Preciose, 129

3

N.J. 451, 462 (1992); <u>R.</u> 3:22-10(e).

We need not address defendant's remaining arguments as these arguments lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3871-16T1